IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jason Masters, <br><br> Plaintiff, <br> v. <br><br> Lt. Berry; Ofc. Gray; Sgt. Cook; and Capt. Wells, <br><br> Defendants. | Case No. 1:25-cv-1432-RMG <br><br><br> **ORDER** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending Plaintiff's action be dismissed for failure to exhaust his administrative remedies. (Dkt. No. 37). The Magistrate Judge further recommends that Plaintiff's two proposed amended complaints be dismissed as moot because they allege incidents which occurred after those events asserted in the original complaint and administrative remedies could not have been exhausted prior to commencing this action. (*Id*. at 8-9, n.3). Defendant filed multiple objections to the R & R. (Dkt. Nos. 44, 46, 47, 48, 52, 54, 55). Defendant acknowledges that he did not timely exhaust his administrative remedies but claims ignorance of the requirement that the initial grievance be filed within 72 hours of the incident. (Dkt. No. 44 at 2). Plaintiff further filed a second motion to amend and a second motion to appoint counsel. (Dkt. Nos. 43, 53). For the reasons set forth below, the Court adopts the R & R of the Magistrate Judge as the Order of the Court, denies all pending motions, and dismisses this action in full.

**I.   Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making

1

a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Exhaustion of administrative procedures is mandatory under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *Jones v. Block*, 549 U.S. 199, 211 (2007). Exhaustion must be accomplished before the filing of the suit. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Moreover, a claim that an inmate was unaware of the specific requirements of the grievance process will not excuse a failure to comply with the grievance system's deadlines where evidence shows that the inmate was familiar with the grievance system and could have asked questions if he needed further information. *Graham v. County of Gloucester*, 668 F.Supp.2d 734, 739-40 (E.D. Va. 2009), *aff'd* 413 Fed. Appx. 660 at *3 (4th Cir. 2011).

**II.    Discussion**

Plaintiff, acting *pro se*, filed this action alleging that Defendants used excessive force against him on December 20, 2024 at the Cherokee County Detention Center ("Detention Center"). The Detention Center had a written grievance policy requiring a grievance be submitted to a kiosk located within the housing unit within 72 hours of any incident. (Dkt. No. 28-3 at 2). Defendant did not submit his grievance until February 21, 2025.

Defendants moved to dismiss the complaint for failure to exhaust his administrative remedies under the PLRA, which bars any prisoner civil action in which administrative procedures have not been exhausted. The exhaustion requirement does not apply, however, if the grievance process is not available through no fault of the prisoner. *Moore*, 517 F.3d at 725.

The Magistrate Judge recommended that the complaint be dismissed because Plaintiff failed to timely exhaust his administrative remedies and did not offer any evidence he was prevented from filing his grievance through no fault of his own. (Dkt. No. 37 at 8). Defendant argues in opposition to the R & R that he was not aware of the 72 hour rule for filing grievances. (Dkt. No. 44 at 2). The Magistrate Judge noted that Defendant filed three grievances before the alleged December 20, 2024 incident, indicating Defendant's familiarity with the Detention Center's grievance process. (Dkt. No. 37 at 7).

The law is well settled that a prisoner filing suit in a United States District Court asserting constitutional claims must first exhaust his prison's or detention center's administrative remedies. It is undisputed that Defendant did not comply with the Detention Center's 72 hour rule for initiating a grievance. The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that Defendants' motion to dismiss should be granted on the basis that Plaintiff failed to exhaust his administrative remedies. Plaintiff has filed numerous documents in an effort to contest the dismissal of his suit. None of these filings can negate the simple fact that he failed to comply with the Detention Center's grievance policy and his lawsuit is subject to dismissal under the PLRA.

Plaintiff has filed multiple motions to amend, all in an attempt to keep this litigation alive. The Magistrate Judge correctly noted that there is no showing that these newly asserted claims were exhausted before filing the original action in this matter and are, therefore, improper. (Dkt.

No. 37 at 8-9 at n.3). Plaintiff further seeks for a second time to have counsel appointed in this matter. The issue of appointed counsel was ably addressed by the Magistrate Judge in an earlier order, and nothing has occurred since the issuance of that order that would change the conclusion that there are not exceptional circumstances present in this action to justify appointment of counsel. (Dkt. No. 22).

### III. Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 37) as the Order of the Court, **DENIES** all pending motions by Plaintiff (Dkt. Nos. 33, 43, 52, 53) and **GRANTS** Defendants' motion to dismiss (Dkt. No. 28). Plaintiff's case is **SUMMARILY DISMISSED.**

**AND IT IS SO ORDERED.**

  _s/Richard M. Gergel_
Richard Mark Gergel
United States District Judge

August 6, 2025
Charleston, South Carolina